IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                         NO. 4:15CR00063-02-JLH

CURTIS EARL EVANS, JR.                                                                      DEFENDANT

**OPINION AND ORDER**

Curtis Earl Evans, Jr., has filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that his lawyer was ineffective. On June 4, 2015, Evans waived indictment and pleaded guilty to one count of possession of stolen firearms in violation of 18 U.S.C. § 922(j) pursuant to a an 11(c)(1)(B)[1] plea agreement. The Court sentenced Evans to 120 months imprisonment and three years supervised release, and ordered him to pay $152,901.53 in restitution. For the following reasons, Evans's motion is denied.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his lawyer's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Proving that counsel was deficient "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689, 104 S. Ct. at 2065. Because of the distorting effects of hindsight and the difficulty of viewing counsel's representation of the client from the perspective available to defense counsel at the time of trial, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. Proving that the deficient performance prejudiced the

---

[1] Fed. R. Cr. P. 11(c)(1)(B).

defense requires showing that there is a reasonable probability that, but for defense counsel's mistakes, the result of the proceeding would have been different. *Id*. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695, 104 S. Ct. at 2068-69. In determining whether there is a reasonable probability that but for counsel's mistakes the result would have been different, the Court must consider the totality of the evidence before the judge or the jury. *Id*. The *Strickland* two-part standard also applies to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). When the claim of ineffective assistance of counsel arises out of the plea process, the prejudice element "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id*. An increased prison term may constitute prejudice under the *Strickland* standard. *Glover v. United States*, 531 U.S. 198, 121 S. Ct. 696, 148 L. Ed. 2d 604 (2001).

Evans alleges that his lawyer "was ineffective for failure to give him notice before sentencing for a gun offense that may be enhanced as a result of prior convictions." Document #166 at 5. Evans does not explain precisely what he means by that allegation, but presumably he is referring to paragraph 17 of the presentence report, which found that pursuant to U.S.S.G. § 2K2.1 the base offense level for possession of stolen firearms was 26. That determination was based on the facts that the offense involved a semi-automatic firearm that was capable of accepting a large capacity magazine and Evans committed the offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense.

Contrary to Evans's allegation in his section 2255 petition, the record conclusively establishes that Evans knew before sentencing that the prior convictions were used to enhance his offense level. The Court asked Evans on the record whether he had read the presentence report, and he said that he had. The Court also asked Evans whether he was satisfied with the work that his lawyer has done for him, and he said that he was. His lawyer has submitted an affidavit in which she states that she reviewed the presentence report with him. She initially objected to the increase in the base offense level because she believed that one of the convictions was not a crime of violence, but after performing research, she withdrew the objection. Based on this record, Evans cannot establish that his lawyer failed to inform him before sentencing that the base offense level would be enhanced due to his prior convictions.

Nor can Evans show that he was prejudiced by the alleged failure to inform him before sentencing that the base offense level was then increased due to his prior convictions. Evans had a considerable criminal history. He had 16 criminal history points, which resulted in a criminal history category of VI. He and others, acting together, participated in a series of interstate carrier theft break-ins and thefts along Interstate 55 and Interstate 40 in Eastern Arkansas. Evans and his co-conspirators broke into more than eighty tractor-trailers and stole various products. On the occasion that gave rise to the present conviction, he and other individuals broke into a tractor-trailer, stole 107 firearms, and transported the firearms to Memphis, Tennessee, where they sold them on the street. Based on these facts and Evans's extensive criminal history, the appropriate sentence under 18 U.S.C. § 3553 was ten years imprisonment. Evans cannot show that he would have been sentenced to a lesser term of imprisonment had he known before sentencing that his sentence was

3

being enhanced due to the prior convictions, nor can he show that he would have declined to enter a plea of guilty and gone to trial had he known about the enhancement.

The motion of Curtis Earl Evans to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is DENIED. Document #166. No certificate of appealability will be issued.

IT IS SO ORDERED this 29th day of December, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE